IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALARM DETECTION SYSTEMS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGE OF SCHAUMBURG, <br><br> Defendant. | Case No. 17 C 2153 <br><br> Judge Joan H. Lefkow |

**OPINION AND ORDER**

Plaintiffs are Alarm Detection Systems, Inc., Illinois Alarm Service, Inc., Nitech Fire & Security Industries, Inc., and SMG Security Systems, Inc. ("Alarm Companies"). Defendant is the Village of Schaumburg, Illinois ("Village"). On August 14, 2024, the court issued an opinion and order granting the Village's motion for summary judgment (dkt. 197) and denying Alarm Companies' cross-motion for summary judgment (dkt. 194). *Alarm Detection Sys., Inc.* v. *Vill. of Schaumburg*, No. 17 C 2153, 2024 WL 3823150, at *1 (N.D. Ill. Aug. 14, 2024). Alarm Companies moved for reconsideration of the court's opinion and order under Federal Rule of Civil Procedure 59(e). (Dkt. 238.) For the reasons stated below, the court denies Alarm Companies' motion.

**BACKGROUND**

In 2016, the Village enacted Ordinance No. 16-078, which required that all fire-alarm systems for commercial and multi-family properties in the Village utilize a "direct connect system." *Alarm Detection Sys., Inc.*, 2024 WL 3823150, at *1. Alarm Companies' systems did not comply with the Ordinance, resulting in lost business and profits. *Id.* Alarm Companies filed this lawsuit against the Village alleging impairment of their contracts with property owners. *Id.* They rely on the Contracts Clause of Article I of the United States Constitution and Illinois

common law theories of tortious interference with contract and with prospective economic advantage.[1] *Id.*

The court granted the Village's motion for summary judgment on all claims and denied Alarm Companies' cross-motion for summary judgment. *Id.* On September 9, 2024, Alarm Companies timely filed a motion to reconsider the court's opinion and order pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. 238.) Alarm Companies argue that the court improperly discounted allegations in their Verified Amended Complaint and otherwise misapprehended the record as to their Contracts Clause and tort claims. (*Id.*)

The court invited the Village to respond, "addressing whether the court should have admitted as evidence the allegations of paragraphs 45, 107, and 108 of the verified amended complaint to establish an issue of material fact concerning whether Counts I and II of that complaint should survive summary judgment." (Dkt. 239.) On September 23, the Village responded to Alarm Companies' motion. (Dkt. 240.) The court granted Alarm Companies' motion for leave to reply. (Dkt. 244.)

## **LEGAL STANDARD**

Federal Rule 59(e) allows parties to move the court to alter or amend a judgment. Fed. R. Civ. P. 59(e). For relief, the movant must "clearly establish[ ]: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co.* v. *Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation omitted). Manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto* v. *Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59 is not "a vehicle for rearguing previously rejected motions." *Id.*

---

[1] For a full recitation of the factual and procedural background, see *Alarm Detection Sys., Inc.*, 2024 WL 3823150, at **2-5.

2

Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## DISCUSSION

**A. Contracts Clause (Count I)**

Alarm Companies primarily challenge this court's analysis of their Contracts Clause claim, which alleges that the Village's Ordinance caused their commercial and multi-family building customers, or Commercial Accounts, to breach their contracts by either terminating early or refusing renewal. The court did not include the allegations of the Verified Amended Complaint[2] in assessing whether a triable issue of fact exists, citing *General Insurance Company of America v. Clark Mall Corp.*, No. 08 C 2787, 2010 WL 2901788, at *5 (N.D. Ill. July 26, 2010) and Federal Rule of Civil Procedure 56(c), *Alarm Detection Sys., Inc.*, 2024 WL 3823150, at *6, for the principle that "allegations are not admissible evidence that can create a factual dispute capable of defeating summary judgment." In the absence of other evidence, the court concluded that the Ordinance did not substantially impair Alarm Companies' contracts and granted summary judgment in favor of the Village on this claim. *Id.* at *7.

Alarm Companies argue that the court "discounted [their] allegations in the Verified Complaint." (Dkt. 238 at 1.) They criticize the court's reliance on *Clark Mall*, reasoning, "A verified complaint containing sworn statements of fact serves as evidence for the purposes of summary judgment." (*Id.* at 2.) Properly considered, Alarm Companies contend, the record reflects "substantial evidence" that the Ordinance substantially impaired their contracts. (*Id.* at 3.)

---

[2] The Verified Amended Complaint attaches verifications from representatives of each of the Alarm Companies attesting to the truth of the allegations. (Dkt. 122 at 26-29.)

3

The argument is sound insofar as the court failed to address the admissibility of Alarm Companies' verified allegations. In *Ford* v. *Wilson*, the Seventh Circuit made "explicit" its position that verifying a complaint can convert it into an affidavit for summary judgment purposes. 90 F.3d 245, 246-47 (7th Cir. 1996). The Seventh Circuit has since reaffirmed that "the law allows verified complaints–containing not just allegations but sworn statements of fact–to serve as evidence for purposes of summary judgment." *Jones* v. *Van Lanen*, 27 F.4th 1280, 1285-86 (7th Cir. 2022).[3] Nevertheless, verification is not the end of the story.

By focusing on *Clark Mall*, Alarm Companies overlook the court's reference to Rule 56(c). Verified allegations within a complaint may only be considered at summary judgment "when the requirements of Rule 56(c)(4) as to personal knowledge, admissibility and competence are otherwise met." *Jefferson* v. *Guerrero*, No. 15 C 2117, 2016 WL 4549101, at *1 (N.D. Ill. Sept. 1, 2016) (citing *Ford*, 90 F.3d at 246-47). Specifically, verified complaint allegations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "[S]tatements outside the affiant's personal knowledge or statements that are the result of speculation or conjecture or merely conclusory do not meet this requirement." *Citibank, N.A.* v. *Wilbern*, No. 12 C 755, 2014 WL 1292374, at *3 (N.D. Ill. Mar. 28, 2014) (quoting *Stagman* v. *Ryan*, 176 F.3d 986, 995 (7th Cir. 1999)); *see also Trimble* v. *All.-DeKalb/Rock-Tenn Co.*, 801 F. Supp. 2d 764, 769 (N.D. Ill. 2011) ("[C]onclusory allegations,

---

[3] To be sure, relying on verified complaint allegations to defeat summary judgment is a disfavored procedural move. *Ford*, 90 F.3d at 247 ("We do not mean to commend the practice. The federal rules envisage the submission of evidentiary material in response to a motion for summary judgment as a means of sharpening the issues, so that the judge can determine just what if anything must be tried."); *ABC Acquisition Co., LLC* v. *AIP Prod. Corp.*, No. 18 CV 8420, 2020 WL 4607247, at *8 (N.D. Ill. Aug. 11, 2020) (explaining that "relying on verified pleadings to avoid summary judgment undermines the function of Rule 56").

unsupported by specific facts, will not suffice.") (quoting *Payne* v. *Pauley*, 337 F.3d 767, 773 (7th Cir. 2003)).[4]

The following allegations in the Verified Amended Complaint are relevant to Alarm Companies' Contracts Clause and tort claims:

> 45. These breaches occurred in two ways. Many Commercial Accounts terminated their Customer Contracts before the end of the existing terms. Other Commercial Accounts terminated their Customer Contracts by August, 2019, even though the terms of such contracts extended beyond that date. Still other Commercial Accounts terminated Customer Contracts at the end of their terms, even though they had historically automatically renewed such contracts.
>
> 107. Some of the Commercial Accounts breached their Customer Contracts shortly after the Challenged Conduct commenced.
>
> 108. Other Commercial Accounts breached their Customer Contracts which extended beyond the final implementation date of August 31, 2019.
>
> (Dkt. 122 ¶¶ 45, 107-08.)

Alarm Companies argue these allegations[5] are "key to the proof of the substantial impairment of contract." (Dkt. 243 at 3.) They assert that the paragraphs "are not mere allegations … but statements of fact to be considered in determining the summary judgment motions." (*Id.* at 1.)

Simply put, these allegations are not admissible under Rule 56(c)(4) because they lack foundation. If the affiants received oral notice of early termination from another person, the testimony is hearsay; if documentary, unlike the letter attached to the Verified Amended Complaint that indicates that a company gave notice of non-renewal, Alarm Companies offer no documentary evidence of any early termination. In other words, the allegations are not specific

---

[4] In 2010, Rule 56 was rewritten and "the substantive requirements for affidavits, which formerly were in Rule 56(e)(1), were moved to Rule 56(c)(4)." 10B Fed. Prac. & Proc. Civ. § 2738 n.3 (4th ed.). The substantive requirements for an admissible affidavit or declaration were not changed. *Id.*

[5] The court ordered a response regarding "paragraphs 45, 107, and 108." (Dkt. 239.) The Village did not address paragraph 45 in its response, but rather evaluated paragraphs 47, 107, and 108. (Dkt. 240 at 2.) Alarm Companies did the same in their reply. (Dkt. 243 at 1.) Nevertheless, because Alarm Companies relied on paragraph 45 in their opening brief, (dkt. 238 at 4) the court will not instruct the parties to re-brief the issue.

enough to be converted into an affidavit for purposes of summary judgment. *See Devbrow* v. *Gallegos*, 735 F.3d 584, 587-88 (7th Cir. 2013) (affirming summary judgment where plaintiff only submitted conclusional verified complaint allegations that his legal materials had been destroyed and thus failed to "come forward with evidence" supporting his access-to-courts claim); *Am. Network Leasing Corp.* v. *Peachtree Bancard Corp.*, No. 93 C 3109, 1996 WL 451304, at *3 (N.D. Ill. Aug. 5, 1996) (declining to consider verified complaint allegations as admissible evidence of oral contract modification where allegations did not identify who negotiated purported oral agreement or when the agreement was reached); *see also Smith* v. *Ill. Dep't of Transportation*, 936 F.3d 554, 559 (7th Cir. 2019) (holding that the district court did not abuse its discretion in declining to consider as admissible evidence an affidavit which failed to describe "who discriminated, what they did, and when they did it"). Alarm Companies' vague references to contract breaches by "Some" and "Other" Commercial Accounts (dkt. 122 ¶¶ 107-08) fare no better.

The same applies to Alarm Companies' Local Rule 56.1 Statement. The verified allegations do not support the related allegations in the Local Rule 56.1 Statement, such as paragraph 31,[6] and they do not demonstrate the existence of a triable issue of fact.

Alarm Companies also point to the court's denial in part of the Village's motion to dismiss the Contracts Clause claim as evidence of the strength of their verified allegations. (Dkt. 152 at 11.) They similarly rely on the Seventh Circuit's conclusion, which applied the Rule 12(b)(6) standard, that the complaint "alleges a potentially significant impairment, the early cancellation of contracts." *Alarm Detection Sys., Inc.* v. *Vill. of Schaumburg*, 930 F.3d 812, 823

---

[6] Paragraph 31 states in part, "In order to comply with the Notice, these Commercial Accounts either breached or terminated existing Customer Contracts." (Dkt. 196 ¶ 31). This paragraph is supported only by broad verified allegations which, for the reasons stated above, are inadmissible. (Dkt. 122 ¶¶ 6, 44, 45.)

6

(7th Cir. 2019). At summary judgment, Alarm Companies argue, "these allegations are to be treated as verified facts." (Dkt. 243 at 2.)

This theory confuses the proper analysis and conflates vastly different stages of litigation. Summary judgment presents "a different and significantly more demanding standard than the Rule 12(b)(6) standard." *McMillan* v. *Collection Prof'ls, Inc.*, 455 F.3d 754, 760 (7th Cir. 2006). Unlike a Rule 12(b)(6) motion, where the court accepts well-pleaded facts as true and draws reasonable inferences in the non-movant's favor, *Esco* v. *City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024), summary judgment is a lawsuit's "put up or shut up" moment. *Siegel* v. *Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citation omitted). At this late stage, Alarm Companies must submit "specific facts showing that there is a genuine issue for trial." *Johnson* v. *Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 896 (7th Cir. 2018) (quoting *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 324 (1986)). They have failed to do so here.

Alarm Companies next summarize their view of the uncontested record, arguing that the court misapprehended the facts supporting substantial impairment. They again rely on the same allegations and other broad affidavit testimony that fail to advance the ball. (Dkt. 238 at 4 ¶ 2.)[7] The court considered and rejected Alarm Companies' remaining factual theories at summary judgment. *Alarm Detection Sys., Inc.*, 2024 WL 3823150, at *6, *7 n.7. Accordingly, they are inappropriate for a motion to reconsider. *Townsend* v. *Alexian Bros. Med. Ctr.*, No. 13 C 1881, 2014 WL 12696877, at *2 (N.D. Ill. July 21, 2014) ("[I]t is well-established that Rule 59 motions are not the proper vehicle to simply rehash arguments that the Court has already rejected.").

Finally, Alarm Companies contend that the Village was required to identify "specific evidence that [contracts] were terminated in the ordinary course." (Dkt. 238 at 3.) They criticize

---

[7] Alarm Companies' theory that the Ordinance's compliance date was never extended (Dkt. 238 at 4 ¶ 6) is similarly unavailing, as it fails to establish the early termination of specific contracts.

the Ordinance and similar documentation as "conclusory" and "not sufficient to rebut evidence in a summary judgment motion." (*Id.*) This misstates the parties' burdens.

Alarm Companies "bear the burden of showing a substantial impairment of their contract rights." *Alachua Cnty. Educ. Ass'n* v. *Carpenter*, No. 1:23CV111-MW/HTC, 2024 WL 3548774, at *17 (N.D. Fla. July 24, 2024) (collecting cases). The Village, in opposing Alarm Companies' motion, "does not have to rebut factual propositions on which the movant bears the burden of proof and that the movant has not properly supported in the first instance." *Johnson* v. *Hix Wrecker Serv., Inc.*, 651 F.3d 658, 662 (7th Cir. 2011). Nor was the Village required to do so in support of its own motion. *See Modrowski* v. *Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) ("Where the nonmovant bears the ultimate burden of persuasion … the movant's initial burden may be discharged by showing … that there is an absence of evidence to support the nonmoving party's case.") (cleaned up). The court thus correctly determined that the Village met its burden.

The court therefore concludes that it did not commit a manifest error of law or fact in evaluating Alarm Companies' Contracts Clause claim. The court denies Alarm Companies' motion to reconsider its summary judgment rulings on Count I.[8]

### B. Tortious Interference Claims (Counts II and III)

Alarm Companies also argue for reconsideration of the court's rulings on their tortious interference claims. The court invited the Village's response as to whether the relevant verified allegations create a genuine dispute of material fact as to Count II, tortious interference with contract. (Dkt. 239.) Alarm Companies again rely on Local Rule 56.1 Statement paragraph 31 for

---

[8] Because the court so concludes, it need not address the second element of Alarm Companies' Contracts Clause claim: whether the Ordinance is drawn in an "appropriate and reasonable way that advances significant and legitimate public purpose." *Alarm Detection Sys., Inc.*, 930 F.3d at 822 (cleaned up).

8

the assertion that "many Commercial accounts breached their Customer Contracts before the end of the existing terms of such contracts." (Dkt. 238 at 9.)

Alarm Companies' theory fails once more. Paragraph 31 relies exclusively on verified allegations that are too broad and conclusional to be considered admissible evidence. (Dkt. 122 ¶¶ 6, 44, 45); *see Devbrow*, 735 F.3d at 587-88; *Am. Network Leasing Corp.*, 1996 WL 451304, at *3; *Smith*, 936 F.3d at 559. Alarm Companies identify no other evidence in the record demonstrating that the Village interfered with an existing contract.[9]

Alarm Companies also argue that the court incorrectly concluded that no dispute of material fact permitted the inference that the Village passed the Ordinance to induce Commercial Accounts not to renew their contracts, pointing to the same arguments they made in opposition to the summary judgment motion. The court addressed their theories in its opinion and sees no reason to disturb its analysis or conclusions. *Alarm Detection Sys., Inc.*, 2024 WL 3823150, at *8; *Townsend*, 2014 WL 12696877, at *2. Alarm Companies raise no additional grounds supporting reconsideration of this element.

Because the court did not commit a manifest error of law or fact in evaluating Alarm Companies' tort claims, the court denies Alarm Companies' motion to reconsider its summary judgment rulings on Counts II and III.

---

[9] Alarm Companies incorrectly assert that the court granted summary judgment in favor of the Village on Count III, their tortious interference with prospective economic advantage claim, for this reason. (Dkt. 238 at 9.) The court granted summary judgment as to Count III on other grounds: "no reasonable jury would find that the Village's purpose was to induce property owners to cease doing business with Alarm Companies." *Alarm Detection Sys., Inc.*, 2024 WL 3823150, at *8.

## **CONCLUSION AND ORDER**

For the foregoing reasons, Alarm Companies' motion to reconsider (dkt. 238) is denied.

Date: October 30, 2024

_____
U.S. District Judge Joan H. Lefkow